**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| PRAJWAL SANGWAN, | ) |
| | ) |
| *Petitioner,* | ) |
| | ) |
| v. | ) Case No. 1:26-cv-71-MAL |
| | ) |
| WARDEN, STE. GENEVIEVE COUNTY | ) |
| DETENTION CENTER et al., | |
| | ) |
| *Respondents.* | ) |

**MEMORADUM AND ORDER**

The Court has reviewed and considered Petitioner Prajwal Sangwan's Petition for Writ of Habeas Corpus.  Sangwan is not entitled to relief.  The Petition is denied.

**FACTS AND BACKGROUND**

Sangwan is a citizen of India who entered the United States without inspection.  Doc. 1 at 6.  He was detained upon initial entry.  *Id*.  Citing 8 U.S.C § 1226(a)(2)(B), ICE released Sangwan into the United States on conditional parole.  *Id*.; *see also* Doc. 9 at 7.  Sangwan subsequently filed an application for asylum, which remains pending.  Doc 1. at 3.  In January 2026, Sangwan was arrested by the Missouri Highway Patrol for failure to yield to an emergency vehicle, a misdemeanor punishable by imprisonment.[1]  Doc. 1 at 15.  Upon being notified of his arrest and detention, ICE took custody of Sangwan.  *Id*.

**PROCEDURAL HISTORY**

On December 6, 2025, Sangwan filed a petition for Habeas Corpus.  He alleges that:

Count I:  His detention violates his Fifth Amendment substantive due process rights.  Doc. 1 at 18.

Count II:  His detention violates his Fifth Amendment rights because he was entitled to a hearing before his parole was revoked.  Doc. 1 at 19.

Count III: His detention violates the Immigration and Nationality Act because he was initially detained under § 1226(a)(2)(B).  Doc. 1 at 20.

---

[1] *See* Mo. Rev. Stat. § 304.022.7.  As a Class A Misdemeanor, failure to yield to an emergency vehicle is punishable by imprisonment of up to one year.  Mo. Rev. Stat. § 558.011.1(6).

1

Count IV:  His detention violates his Fourth Amendment Rights because he was detained without probable cause or lawful basis (*i.e.*, the arrest was not authorized by the Immigration and Nationality Act).  Doc. 1 at 21.

After reviewing Sangwan's Petition, the Court issued a show cause order.  Doc. 6.  Respondent answered the show cause order on May 5, 2026.  *See* Doc. 9.  Sangwan had until May 12, 2026, to file a reply but did not do so.  There are no disputes of material fact.

## LEGAL STANDARD

"Writs of habeas corpus may be granted by … the district courts … within their respective jurisdictions."  28 U.S.C. § 2241(a).  A writ of habeas may be extended to a prisoner who "is in custody under or by color of the authority of the United States ..."  28 U.S.C. § 2241(c)(1).  A petitioner is entitled to a writ of habeas corpus, or an order for the respondent to show cause why a writ should not be granted, "unless it appears from the application that the applicant … is not entitled thereto."  28 U.S.C. § 2243.  "It is the right and duty of a federal court to make a preliminary examination to determine whether a petition for a writ of habeas corpus discloses upon its face sufficient basis for the issuance of the writ, and to dismiss the petition if it does not."  *Banks v. O'Grady*, 113 F.2d 926 (8th Cir. 1940).

## DISCUSSION

### I.   Sangwan is properly detained under 8 U.S.C. § 1225(b)(2).

Sangwan argues that his detention under 8 U.S.C. § 1225(b)(2) is improper because he was initially processed under 8 U.S.C. § 1226(a)(2)(B), and no statutory mechanism exists to switch an alien from § 1226(a) to § 1225(b).  Doc. 1 at 20.  This argument fails.

There is no reason why an alien could not be subject to both statutes.  *See* 8 U.S.C. §§ 1226(a), 1225(b)(2).[2]  Nor does failure to initially apply § 1225(b) to Sangwan change what § 1225(b)(2) requires.  *See D.C. v. John R. Thompson Co.,* 346 U.S. 100, 113–14 (1953) ("[F]ailure of the executive branch to enforce a law does not result in its modification or repeal.").  Since § 1225(b) was passed, it has required detention of aliens present in the United States without being admitted (which requires inspection and lawful entry) unless the alien is "clearly and beyond a doubt entitled to be admitted."  *Avila v. Bondi*, 170 F.4th 1128, 1133–34 (8th Cir. 2026) (holding

---

[2] It would not be inconsistent for the government to have authority to detain a particular alien under multiple statutes.

the same).  Sangwan does not contest that he is an alien present in the United States without inspection, Doc. 1 at 15, meaning that he has not been "admitted."[3]  He is properly detained under § 1225(b)(2).

## II. Sangwan's detention does not violate his Fifth Amendment substantive due process rights.

Sangwan argues that his detention violates his Fifth Amendment due process rights because immigration detention is constitutionally permissible only when it furthers specific goals (ensuring non-citizen appearance during removal and preventing danger to the community) and because the government has already determined that those goals would not be served by detaining Sangwan. Doc. 1 at 18.  As this Court has previously held, mandatory detention of certain categories of aliens (such as those who are present without inspection, like Sangwan) without a bond hearing does not violate due process.  *See Bushuev v. Immigr. & Customs Enf't & Removal Operations*, No. 1:25-CV-213 MAL, 2026 WL 352873 at *3 (E.D. Mo. Feb. 9, 2026) (citing *Demore v. Kim*, 538 U.S. 510, 526 (2003), *Banyee v. Garland*, 115 F.4th 928, 931 (8th Cir. 2024), and *Carlson v. Landon*, 342 U.S. 524 (1952)).  An alien may be detained without violating due process "even if the alien is neither dangerous nor a flight risk."  *Bushuev*, 2026 WL 352873 at *3 (citing *Demore,* 538 U.S. at 524–25, 531).  This does not change based on an individualized finding that an alien is not a danger or a flight risk.  *See Demore,* 538 U.S. at 524–25.  Sangwan's detention does not violate the Fifth Amendment's substantive due process requirements.

## III. Sangwan's detention does not violate his Fifth Amendment procedural due process rights.

Sangwan argues that his re-detention without a parole termination hearing violates his procedural due process rights.   Doc. 1 at 19–20.  Specifically, he argues that he is entitled to a pre-deprivation hearing to determine if he is a flight risk or poses a danger to the community.  *Id*. Due process requirements for revocation of parole are less strenuous than those for initial detention.  *See Morrissey v. Brewer*, 408 U.S. 471, 480 (1972); *United States v. Eagle Chasing*, 965 F.3d 647, 650 (8th Cir. 2020) (lower due process requirement for revocation of parole than initial prosecution).  Therefore, at most Sangwan is due the same process he would receive if being

---

[3] An alien is "admitted" upon "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer."  8 U.S.C. § 1101(a)(13)(A).  If an alien has not been inspected, they cannot have been admitted.

detained for the first time.[4]  As noted above, even when being detained for the first time, Sangwan was not entitled to a bond hearing (or any hearing to determine if he is dangerous or a flight risk) because he is part of a category of aliens subject to mandatory detention.  *See* Part II, *supra*.  His re-detention did not create a heightened requirement.

Sangwan also argues that his detention is improper because his parole was not revoked. Doc. 1 at 15, 20.  This is factually incorrect.  It was.  Doc. 9-2 (notice of cancellation of parole).

### IV.   <u>**Sangwan's detention does not violate his Fourth Amendment rights.**</u>

Sangwan argues that his arrest violated the Fourth Amendment because ICE lacked probable cause or lawful basis to arrest him.  Doc. 1 at 21.  Not so.  Sangwan was initially arrested by state authorities on a state charge—failure to yield to an emergency vehicle.  Doc. 1-2 at 14. He does not appear to challenge probable cause for this arrest—only for the arrest by "Respondents."  Doc. 1 at 21.  It does not appear that the Eighth Circuit has ruled on whether the transfer of an alien from state custody to federal custody requires probable cause separate from that justifying the state detention, but other appellate courts have split on the matter.[5]  But even if probable cause were required for transfer from state detention to ICE detention, there was probable cause for ICE detention here.  ICE had probable cause to believe that Sangwan was an alien present in the United States without inspection (which makes him subject to mandatory detention) because he previously admitted this to an ICE officer.  Doc. 1-2 at 11.  This admission constitutes probable cause that he was an alien in the United States without inspection and thus subject to mandatory detention.  *See United States v. Puebla-Zamora*, 996 F.3d 535, 538 (8th Cir. 2021); *see also Zhuang v. Bondi*, No. 1:25-CV-201-CMS, 2026 WL 352872 at *2 (E.D. Mo. Feb. 9, 2026). Sangwan's detention did not violate the Fourth Amendment.

**CONCLUSION**

For the aforementioned reasons, the Petition for Writ of Habeas Corpus, Doc. 1, is **DENIED** and **Dismissed**.

---

[4] The due process requirements to revoke parole in the criminal context are neither binding nor persuasive. Instead, because "Congress may make rules as to aliens that would be unacceptable if applied to citizens," due process requirements are more flexible in the immigration context than in the criminal context.  *Banyee* 115 F.4th at 930 (quoting *Demore*, 538 U.S. at 526).

[5] *Compare United States v. Laville,* 480 F.3d 187, 196 (3d Cir. 2007) *with Morales v. Chadbourne,* 793 F.3d 208, 217 (1st Cir. 2015).  *Cf. United States v. Texas*, 599 U.S. 670, 730 (2023) (Alito, J., dissenting) (describing transfer of alien from state to federal custody as an "arrest").

4

Dated this 26th day of May, 2026.

_Maria A. Lanahan_

MARIA A. LANAHAN
UNITED STATES DISTRICT JUDGE